**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martel Alvarez-Chavez,          )<br>                                              )<br>            Plaintiff,              )<br>                                              )<br> vs.                                        )<br>                                              )<br>                                              )<br> United States of America,    )<br>                                              )<br>            Defendant.          )<br>                                              )<br>_____) | CV 96-02841-PHX-FJM<br>CR 92-00113-PHX-FJM<br><br>**ORDER** |

        We have before us plaintiff's motion "to vacate the February 1, 2001 judgment, denying habeas relief, based on fraud upon the habeas court" (doc. 2).[1] We also have before us plaintiff's motion "for an order holding that the procedural aspects of 'gate-keeping' provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 do not apply to prevent appellants [sic] independant [sic] action under Hazel-Atlas, to vacate the February 1, 2001 judgment denying 28 U.S.C. 2255 [sic] relief based upon fraud upon the habeas court" (doc. 3).

        These motions are plaintiff's latest attempt to overturn his conviction for conspiracy to possess with intent to distribute cocaine. At plaintiff's trial, the government presented the

---

[1] Plaintiff's § 2255 motion was denied on February 1, 2000 (CR 92-00113-PHX-FJM, doc. 249). There is no docket entry for February 1, 2001.

testimony of Maria Del Carmen Gonzalez.[2] According to plaintiff, she testified that she traveled to California on six occasions, picking up two kilograms of cocaine each time, on plaintiff's behalf. Plaintiff was convicted after a jury trial and was sentenced in 1993 to life imprisonment. Plaintiff argues that after the trial, he discovered two interview reports suppressed by the government that did not mention Gonzalez's travels to California.

In plaintiff's first § 2255 motion, which he filed in 1996, he raised four grounds for relief: (1) a Jencks violation regarding the government's alleged withholding of the debriefing notes of Gonzalez; (2) Brady violations regarding the government's alleged failure to provide various documents, including Gonzalez's debriefing notes; (3) ineffective assistance of counsel; and (4) improper enhancement of his sentence for a leadership role. Feb. 1, 2000 Order at 2 (CR 92-00113-PHX-FJM, doc. 249). The district judge held that the Jencks, Brady, and improper sentence enhancement claims were procedurally defaulted because plaintiff had not raised them on direct appeal, and thus could not be addressed on the merits. He also concluded that trial counsel's performance was not deficient. Accordingly, the district judge denied plaintiff's § 2255 motion.[3]  Feb. 1, 2000 Order at 6-7.

Plaintiff argues that Assistant United States Attorney ("AUSA") Welty committed fraud on the habeas court by urging it to accept the trial testimony of Maria Del Carmen Gonzalez when responding to the § 2255 motion. Thus, plaintiff argues that the February 1, 2000 denial of his § 2255 motion should be set aside based on fraud upon the court.

Rule 60(d)(3), Fed. R. Civ. P. preserves the court's power to set aside a judgment due to fraud on the court. The definition of fraud upon the court is narrow. To apply, the misconduct must harm the very integrity of the judicial process. In re Levander, 180 F.3d 1114, 1119 (9th Cir. 1999). We exercise the power to vacate judgments for fraud on the court only when it is established "by clear and convincing evidence." United States v. Estate

---

[2] Some documents list "Gonzales" as the spelling.

[3] Plaintiff was allowed to file a second § 2255 motion concerning Apprendi, which is not at issue here.

- 2 -

1  of Stonehill, 660 F.3d 415, 443-44 (9th Cir. 2011) (citation omitted).  Merely showing that
2  a witness committed perjury, or that evidence was not disclosed, is not enough.  Id. at 444.
3  The test is not whether the movant was prejudiced, but whether the integrity of the process
4  was compromised.  Id.  To prevail, plaintiff

> must demonstrate, by clear and convincing evidence, an effort by the government to prevent the judicial process from functioning 'in the usual manner.' [He] must show more than perjury or nondisclosure of evidence, unless that perjury or nondisclosure was so fundamental that it undermined the workings of the adversary process itself.

Id. at 445.

Plaintiff has not made this showing.  He speculates that Gonzalez lied about the trips to California because this information was not contained in two interview reports.  But plaintiff has not offered clear and convincing evidence that she lied.  Just because a piece of information is not in a report does not necessarily mean that it was fabricated.  And plaintiff does not explain how a series of (unidentified) state and federal reports showed AUSA Welty that the testimony was false.  Moreover, although plaintiff speculates that AUSA Welty mentioned Gonzalez's allegedly false testimony in responding to the § 2255 motion "in a scheme to defile the Judiciary," Mot. to Set Aside Judgment at 8, he does not show how the adversarial process was harmed.  Indeed, the district judge did not even reach the merits of plaintiff's Brady and Jencks claims, which alleged government misconduct with respect to Gonzalez's notes, instead finding that these claims were procedurally defaulted.  There is no indication from the district judge's order, and plaintiff has not explained, how Gonzalez's allegedly false testimony affected the § 2255 proceedings.  In sum, plaintiff speculates, but has not established with clear and convincing evidence, that fraud was committed on the court with respect to his first § 2255 motion.

Because plaintiff has not shown by clear and convincing evidence that there was misconduct in the habeas proceeding, let alone any misconduct that undermined the adversarial process, we reject plaintiff's fraud on the court claim.

**IT IS ORDERED DENYING** plaintiff's motion to vacate the judgment (doc. 2).

**IT IS ORDERED DENYING** plaintiff's motion "for an order holding that the

1  procedural aspects of 'gate-keeping' provisions of the Anti-Terrorism and Effective Death
2  Penalty Act of 1996 do not apply" on grounds of mootness (doc. 3).
3      Plaintiff is urged to speak with a lawyer before submitting any future filings in this
4  closed case.
5      DATED this 13th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -